# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| META-TECH CONSULTANTS, LLC, | Case No. 2:19-CV-2243 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| JANES WOLFGRAMM NIU, | |
| Defendant(s). | |

Presently before the court is plaintiff Meta-Tech consultants, LLC's ("Meta") renewed motion for default judgment against defendant James Niu.  (ECF No. 15).

## I.    BACKGROUND

This case is about a bitcoin transaction gone wrong.  (ECF No. 10 at 2).  Meta sent $306,000 to Niu—a cryptocurrency trader and miner—to purchase bitcoin through its Meta Proprietary Fund.  (*Id.*).  Niu eventually purchased and held 42.174 bitcoin for Meta through an initial purchase and arbitrage trading.  (*Id.* at 3).

Meta purportedly served Niu on March 3, 2020.  (ECF No. 7).  However, the proof of service includes only a cropped picture of an acceptance of service on Meta's counsel's letterhead without any affidavit from the server or proof of service in compliance with Local Rule 5-1.  Nevertheless, the clerk entered default against Niu on April 1, 2020, just four days after Meta submitted its purported service returned executed and one day after it moved for entry of default judgment.  (ECF Nos. 7, 8, 9).  Niu never answered Meta's complaint nor appeared in this case.

Meta first moved for summary judgment (ECF No. 10), but the court denied summary judgment without prejudice and twice instructed Meta to move for default judgment instead

**James C. Mahan**
**U.S. District Judge**

with "a detailed explanation and calculation of damages." (ECF Nos. 11, 12). Yet, Meta's first motion for default judgment was unsupported by a memorandum of points and authorities in violation of this court's local rules. LR 7-2(d). The court denied that motion and instructed Meta to file one last motion for default judgment. (ECF No. 14). Meta now files this motion with points and authorities. (ECF No. 15).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(l)(1), proof of service must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l)(1). However, failure to prove service does not affect the validity of service and the court may permit proof of service to be amended. Fed. R. Civ. P. 4(l)(3).

Local Rule 5-1 provides that "[w]hen a proof of service is required, the proof must show the day and manner of service and name of each person served. Proof of service may be by written acknowledgment of service or certificate of the person who made service." LR 5-1(a). "Either on its own initiative or on a motion by a party, the court may strike an unserved paper or vacate any decision made on an unserved paper." LR 5-1(b).

Under Federal Rule of Civil Procedure 55(b), after the court clerk has entered default, the party seeking affirmative relief may move for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). However, under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).

## III. DISCUSSION

A. <u>Default judgment is improper due to imperfect service</u>

Default judgment is appropriate when the party against whom relief is sought has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). A party does not fail to plead if they were never served. As Niu is not on the ECF electronic filing system for this matter, proof of service is required to satisfy that Niu was served.

James C. Mahan
U.S. District Judge

1 Meta's so called proof of service (ECF No. 7) does not contain an affidavit from the server, nor does it contain the proof of service filing attached to the summons executed (ECF No. 6) as required by Federal Rule of Civil Procedure 4(l).  Further, the motion for entry of default (ECF No. 8) does not contain any similar affidavit or proof of service.  The two filings are simply a picture of a purportedly signed summons—which is different than the proposed summons (ECF No. 5) and summons issued (ECF No. 6) that Meta submitted to the court ahead of the purported execution—and a proposed order for the entry of default.

Unfortunately, the court failed to consider these defects when it originally entered default against Niu.  (ECF No. 9).  However, the court may vacate its entry of default because it was decided based on a paper without sufficient proof of service.  *See* Fed. R. Civ. P. 55(c); LR 5-1(b).

Without proof of service, the court cannot grant default judgment because the court must be confident that any judgment justified by failure to plead is based upon that failure and not invalid service depriving the defaulted party from an opportunity to plead.

Thus, the court VACATES the entry of judgment and DENIES the motion for default judgment.

B.  <u>Dismissal without prejudice is proper due to imperfect service</u>

Further, if a defendant is not served within ninety days after the complaint is filed, the court, "on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

As more than ninety days have passed since the complaint was filed, the court is inclined to dismiss this action.  Yet, if dismissal for failure to serve is raised by the court upon its own motion, the legislation requires that the court provide notice to the plaintiff. *See id.* Thus, this order shall serve as notice to Meta that if it does not cure its imperfect service within seven days of this order, the court will DISMISS this action without prejudice.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the entry of default (ECF No. 9) is VACATED and Meta's motion for default judgment (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiff Meta-Tech consultants, LLC shall amend its proof of service to comply with Federal Rule of Civil Procedure 4 and Local Rule 5-1 within seven days of this order.  Failure to so amend will result in dismissal without prejudice.

DATED October 7, 2021.

_____
UNITED STATES DISTRICT JUDGE