UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| META-TECH CONSULTANTS, LLC, | Case No. 2:19-CV-2243 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| JANES WOLFGRAMM NIU, | |
| Defendant(s). | |

Presently before the court is plaintiff Meta-Tech consultants, LLC's ("Meta") renewed motion for entry of default judgment against defendant James Niu.  (ECF No. 15).

I. **BACKGROUND**

This case is about a bitcoin transaction gone wrong.  (ECF No. 10 at 2).  On May 13, 2019, Meta sent $306,000 to Niu—a cryptocurrency trader and miner—to purchase bitcoin through its Meta Proprietary Fund.  (*Id.*).  Soon after, Niu informed Meta that he held 42.174 bitcoin for Meta through an initial purchase and arbitrage trading.  (*Id.* at 3).

In mid-2019, Meta demanded Niu send the bitcoin to Meta, which Niu failed to do by the date demanded.  On December 31, 2019, Meta brought this action against Niu asserting claims of conversion, intentional misrepresentation, and unjust enrichment.  (ECF No. 1). Meta then served Niu on March 3, 2020, moved the clerk of the court to enter default against Niu on March 31, 2020, and secured entry of default on April 1, 2020.  (ECF Nos. 7, 8, 9, 17).  Niu never answered Meta's complaint nor appeared in this case.

After securing entry of default, Meta first moved for summary judgment against Niu. (ECF No. 10).  The court denied summary judgment without prejudice and twice instructed Meta to instead move for entry of default judgment with "a detailed explanation and

**James C. Mahan**
**U.S. District Judge**

calculation of damages." (ECF Nos. 11, 12). Meta next filed a motion for entry of default judgment (ECF No. 13), which the court denied for failure to file points and authorities in compliance with Local Rule 7-2(d). (ECF No. 14). Meta then filed the present renewed motion with points and authorities. (ECF No. 15).

Upon first review of Meta's renewed motion for entry of default judgment, the court held that Meta's proof of service was insufficient to enter default judgment. (ECF No. 16). The court vacated the clerk's entry of default and ordered Meta to supplement its proof of service to comply with Federal Rule of Civil Procedure 4 and Local Rule 5-1. (*Id.*). Meta then supplemented its proof of service with an affidavit and exhibits showing that service was properly executed. (ECF No. 17).

Now satisfied that Meta's service was properly executed, the court determines whether, and in what amount, to enter default judgment against Niu.

## II.  LEGAL STANDARD

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

## III.  DISCUSSION

A.  Default Judgment

As an initial matter, Meta's supplemented proof of service provides an affidavit and supporting exhibits showing that Niu had notice and opportunity to appear in this action after accepting service. (ECF No. 17). Thus, Niu's failure to appear justified entry of default and the court REINSTATES the previously vacated clerk's entry of default. (ECF No. 9).

As Meta properly sought entry of default and default was entered against Niu, Meta has satisfied the first step of default judgment. *See UMG Recordings*, 461 F. Supp. 2d at 840.

Although Federal Rule of Civil Procedure 55(a) authorizes the entry of a default judgment against a party who does not appear, the decision of whether to enter such judgment "is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has articulated seven factors for courts to consider when determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The court finds that the *Eitel* factors favor entry of default judgment against Niu. First, if default judgment is not entered, Meta will suffer prejudice in the loss of its property which Niu unjustifiably retained without Meta's consent and refused to return upon Meta's request. Thus, the first factor weighs in favor of entry of default judgment.

The second and third factors also weigh in favor of entry of default judgment. Meta's claims of conversion and unjust enrichment are meritorious, and Meta's complaint sufficiently pleads those claims. (ECF No. 1). Specifically, Meta alleges that it paid Niu to purchase bitcoin on Meta's behalf, that Niu secured the bitcoin for Meta, and that Niu refused to return the bitcoin upon Meta's demand.

Meta's claim of intentional misrepresentation, however, is not meritorious. While Meta bases its intentional misrepresentation claim on Niu's representation that he could and did purchase bitcoin on behalf of Meta, Meta does not allege that Niu did not obtain the bitcoin. Instead, Meta claims that Niu's refusal to return the bitcoin prevented Meta from selling it for profit. So, according to Meta, Niu accurately represented that he is a purchaser of bitcoin and did purchase the bitcoin. Thus, Meta's intentional misrepresentation claim fails.

**James C. Mahan**
**U.S. District Judge**

Yet, Meta need not succeed on its intentional misrepresentation claim to secure judgment for the conversion of its property. Therefore, the second and third factors still weigh in favor of entering default judgment on Meta's conversion and unjust enrichment claims.

The fourth factor, sum of money at stake, weighs against entry of default judgment. Meta's motion for entry of default judgment requests damages in excess of $2,600,000, more than four times the "amount greater than $600,000" that Meta initially requested in its complaint. (ECF No. 1 at 5). The damages that Meta now claims—which will be discussed more below—so eclipse the initial request and culpability of the relevant conduct complained of that this factor weighs against entry of default judgment.

The fifth and sixth factors weigh in favor of entering default judgment. Because Niu failed to appear, all well-pleaded facts in the complaint—except those pertaining to damages—are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Further, the emails attached to Meta's motion and supplement show that Niu and his counsel were aware of this matter and the underlying facts and still failed to defend against or otherwise dispute them. Thus, there is not likely to be a dispute concerning the material facts nor is Niu's default the result of excusable neglect.

The seventh factor weighs against entry of default judgment due to the strong policy favoring decisions on the merits. However, the fourth and seventh factors do not outweigh the other five factors all favoring entry of default judgment. Thus, entry of default judgment is appropriate.

Accordingly, the court GRANTS Meta's motion for entry of default judgment on its first and third claims for conversion and unjust enrichment.

B. Damages

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

**James C. Mahan**
**U.S. District Judge**

- 4 -

In its motion for default judgment, Meta claims more than four times the damages as it initially requested in its complaint. (*See* ECF Nos. 1 at 5, 15 at 7). Meta's complaint contradicts its current position.

Meta's complaint, filed on December 31, 2019, alleged that Niu prevented Meta from doubling its initial investment of $300,000 because the price of bitcoin had doubled between when Meta first invested and when Meta demanded that Niu return Meta's bitcoin.[1] Meta thus alleged that it would have actualized its profits by selling the highly-volatile bitcoin soon after Niu returned it to Meta in June 2019, and before its value crashed back to near Meta's investment value by September 2019.[2]

Meta could not have claimed actual profits of $300,000 in good faith unless it alleged that Niu prevented it from selling the bitcoin in the short window of near-doubled value between mid-June and August 2019. Yet, Meta now claims that Niu robbed it of the opportunity to sell that same bitcoin when it hit its absolute maximum value more than a year later.

Meta cannot engage in post hoc cherry-picking of when it would have sold the bitcoin. Bitcoin's value is so volatile that even experienced crypto traders lack the prescience to hold and sell at absolute peaks in value as Meta now claims it would have. For example, if Meta moved for entry of default judgment around the time it moved for entry of default, the value of bitcoin would have been lower than when Meta first invested.[3] That this matter remained pending through a bull market for bitcoin does not entitle Meta to quadruple

---

[1] Meta alleges that, based upon information and belief, Niu secured bitcoin at a price of $7,512, which was within the range of value when Meta sent the investment on May 13, 2019—when bitcoin closed at $7,889.90. *See* BTC Historical Data, NASDAQ, https://www.nasdaq.com/market-activity/cryptocurrency/btc/historical.

[2] Around mid-2019, when Meta demanded Niu return Meta's then current balance of bitcoin, bitcoin's closing value rose as high as $12,785.10. *See* BTC Historical Data, NASDAQ. However, that was the highest value between Meta's investment and when Meta filed its complaint. By time Meta filed its complaint in December, 2019, bitcoin's closing value returned to near where it was when Meta invested—fluctuating between $7,000 and $8,000. *Id.*

[3] The closing value of bitcoin on March 31, 2020, was approximately $6,346.70. *See* BTC Historical Data, NASDAQ.

James C. Mahan
U.S. District Judge

- 5 -

the damages it initially claimed in 2019. Thus, the reasonable amount of damages here is the converted investment, fee, and profit Meta alleged in its complaint.

While Meta's complaint technically requests damages "in an amount greater than $600,000," a full reading of the pleading shows a request of $606,000—Meta's initial investment of $300,000, Niu's $6,000 fee, plus an additional $300,000 for Meta's potential sale of bitcoin at approximately double the invested value in mid-2019. The court holds that Niu's conversion of Meta's bitcoin denied Meta the opportunity to sell the bitcoin at its then high-end value, and deprived Meta of $300,000 in profits on top of the initial $300,000 investment and $6,000 fee.

Thus, the court holds that the reasonable and appropriate damages for Niu's conduct, based on Meta's request at the time of filing, is $606,000.[4]

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the entry of default (ECF No. 9) is REINSTATED and Meta's renewed motion for default judgment (ECF No. 15) is GRANTED, consistent with this order.

Meta shall prepare and file an appropriate judgment for the court's signature consistent with the foregoing within twenty-one (21) days of the entry of this order.

DATED October 29, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[4] As Niu did not defend against this matter—and thus did not needlessly extend litigation—prejudgment interest and attorney's fees are not appropriate.

**James C. Mahan**
**U.S. District Judge**